UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-106-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| MARTA ERWIN PERRY, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion by defendant Marta Erwin Perry ("defendant") (D.E. 17) to dismiss the indictment pursuant to 12(b)(3)(B) of the Federal Rules of Criminal Procedure. The government filed a response (D.E. 18) in opposition to the motion. The motion was referred to the undersigned Magistrate Judge for issuance of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, defendant's motion should be denied.

## BACKGROUND

On 16 April 2009, defendant was charged in a one-count indictment (D.E. 1) with the offense of knowingly possessing, in and affecting commerce, a firearm and ammunition after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The predicate felonies for this charge are defendant's seven prior North Carolina convictions which are consolidated into three judgments as follows:

| Judgment Date | Convictions |
|---|---|
| 23 Dec. 2004 (D.E. 17-2) | Breaking and entering in violation of N.C. Gen. Stat. § 14-54 (Class H felony) |
| | Larceny after breaking and entering in violation of N.C. Gen. Stat. § 14-72 (Class H felony) |
| 13 Apr. 2005 (D.E. 17-3) | Eluding arrest with a motor vehicle in violation of N.C. Gen. Stat. § 20-141.5 (2 counts) (Class H felonies) |
| | Possession of stolen goods in violation of N.C. Gen. Stat. § 14-72(A) (2 counts) (Class H felonies) |
| 21 Feb. 2006 (D.E. 17-4) | Breaking and entering a motor vehicle in violation of N.C. Gen. Stat. § 14-56 (Class I felony) |

For felony sentencing purposes, defendant had a prior record level[1] ("PRL") of I for the offenses included in the first judgment (D.E. 17-2 at 1) and a PRL of II for the offenses included in the second (D.E. 17-3 at 1) and third judgments (D.E. 17-4 at 1).

## DISCUSSION

Defendant moves to dismiss the indictment in this case on the ground that the predicate state offenses were not punishable by a term of imprisonment exceeding one year, as required by 18 U.S.C. § 922(g)(1). Specifically, he contends that because of his PRL, the maximum term of imprisonment he could have received for any of the offenses did not exceed 12 months.[2]

The governing law in this Circuit flatly contradicts defendant's contention. In *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), the Fourth Circuit held that "to determine whether a [North

---

[1] "The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions . . . ." N.C. Gen. Stat. § 15A-1340.14(a). The number of points assigned to a conviction depends on the class of the offense with Class A felonies having the highest number of points (*i.e.*, ten points) and misdemeanors having the lowest (*i.e.*, one point). N.C. Gen. Stat. § 15A-1340.14(b).

[2] Defendant asserts that the maximum sentences that could have been imposed for his three convictions due to his applicable PRL were as follows: 8-10 months (23 Dec. 2004); 10-12 months (13 Apr. 2005); 6-8 months (21 Feb. 2006). *See* N.C. Gen. Stat. §§ 15A-1340.13, -1340.17.

2

Carolina] conviction is for a crime punishable by a prison term exceeding one year, . . . we consider the *maximum aggravated sentence* that could be imposed for that crime upon a defendant with the *worst possible criminal history*." *Id.* at 246 (citing *United States v. Jones*, 195 F.3d 205, 206-08 (4th Cir. 1999)) (emphasis added). Here, assuming a finding of aggravating factors and the worst criminal history category, the maximum sentence that could be imposed for the Class I and Class H felonies defendant committed is 15 and 30 months, respectively. *See* N.C. Gen. Stat. § 15A-1340.17(c), (d). Consequently, these convictions are sufficient predicate offenses to support the charge of felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1).

Nevertheless, defendant asserts that this court should not apply *Harp* because of the contrary reasoning of a Sixth Circuit case, *United States v. Pruitt*, 545 F.3d 416, 420 (6th Cir. 2008) (holding that because North Carolina's structured sentencing scheme "tailors the statutory maximum to each individual defendant," a district court must consider the defendant's prior record level to determine whether his convictions constituted crimes punishable by imprisonment for more than one year) and the purported implications of the United States Supreme Court's ruling in *United States v. Rodriguez*, --- U.S. ---, 128 S. Ct. 1783, 1793 (2008) (holding that for the purpose of determining whether an offense is the "maximum term of imprisonment prescribed by law" for the purposes of the Armed Career Criminal Act (18 U.S.C. § 924(e)), the district court should consider the maximum punishment available under the state's relevant recidivism enhancement statute if the application of the recidivism statute applies to that particular defendant based on his prior record). However, this argument was raised in identical form, thoroughly reviewed, and squarely rejected by this court in *United States v. Stephon Hooker*, No. 5:08-CR-361-FL, 2009 WL 1065865 at *2 (E.D.N.C. 20 April

2009) (noting that "[t]he Fourth Circuit's directive is clear" on this issue). The court rejects defendant's argument here for the same reasons stated in *Hooker*.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that defendant's motion to dismiss be DENIED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten business days or such other period as the court may direct in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 1st day of July, 2009.

James E. Gates
United States Magistrate Judge