IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-106-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MARTA ERWIN PERRY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's objections to the memorandum and recommendation ("M&R") filed by the United States Magistrate Judge, which recommends this court deny defendant's motion to dismiss the indictment, (DE # 17), pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). Defendant timely filed objections to the M&R, contending that the magistrate judge erred in his recommendation, and the government responded, urging the court to adopt the M&R. In this posture, the issues raised are ripe for ruling.

BACKGROUND

On April 16, 2009, defendant was charged in a one count indictment with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. Defendant has seven prior North Carolina convictions, consolidated into three judgments, which form the predicate felonies for the charge in the indictment. The first judgment consists of convictions for breaking and entering in violation of N.C. Gen. Stat. § 14-54, and for larceny after breaking and entering in violation of N.C. Gen. Stat. 14-72. These convictions were Class H felonies, and defendant had a prior record level ("PRL") of I for felony sentencing purposes under the North Carolina sentencing scheme. The

second judgment consists of two counts of eluding arrest with a motor vehicle in violation of N.C. Gen. Stat. § 20-141.5, and two counts of possession of stolen goods in violation of N.C. Gen. Stat. § 14-72(A). All four convictions were Class H felonies, and defendant had a PRL of II at the time. The third judgment consists of one count of breaking and entering a motor vehicle in violation of N.C. Gen. Stat. § 14-56. This conviction was a Class I felony, and defendant had a PRL of II at the time. In his motion to dismiss, defendant contends that these predicate offenses were not punishable by a term of imprisonment exceeding one year, and, as such the indictment should be dismissed on grounds of legal impossibility. The magistrate judge, applying Fourth Circuit precedent, found otherwise and recommended denial of defendant's motion. Defendant objects to the magistrate judge's recommendation, renewing his arguments made originally in his motion to dismiss.

## DISCUSSION

In addressing an objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Defendant objects to the magistrate judge's finding that his prior convictions were punishable by imprisonment for a term exceeding one year. Section 922(g)(1), with which defendant is charged, criminalizes the possession of a firearm by "any person[] who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). What constitutes a "crime punishable by imprisonment for a term exceeding one year" is determined "in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C.

2

§ 921(a)(20). In this case, North Carolina law applies. Under North Carolina's sentencing scheme, a defendant's minimum and maximum sentences are determined based on the class of the offense, the defendant's prior criminal record, and whether an aggravated, mitigated, or presumptive sentence applies.

Defendant now argues that because of North Carolina's sentencing scheme, it was legally impossible for him to have be sentenced to more than one year in prison for any of the predicate offenses. Defendant contends that the court should find that United States v. Rodriguez, 128 S.Ct. 1783 (2008), effectively abrogates the Fourth Circuit's holding in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), and that this court should adopt the reasoning of a recent Sixth Circuit case, United States v. Pruitt, 545 F.3d 416 (6th Cir. 2008), that interpreted the North Carolina sentencing scheme in light of Rodriguez. If the court were to adopt such reasoning, defendant contends, it would be legally impossible for him to have committed the crime alleged in the indictment.

Defendant's arguments in this regard are identical to those posited by another defendant in another criminal matter recently before this court involving the very same issue. See United States v. Hooker, No. 5:08-CR-361-FL, 2009 U.S. Dist. LEXIS 33954, 2009 WL 1065865 (E.D.N.C. Apr. 20, 2009). There, after thoroughly reviewing the relevant case law, including Rodriguez, Harp, and Pruitt, this court found that Harp is still binding precedent not disturbed by Rodriguez. As such, that defendant's arguments that it was legally impossible for him to have committed the crime charged failed. For the same reasons, this court once again must find that this defendant's arguments here fail. Harp is controlling precedent on this court that requires the court to "consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Harp, 406 F.3d at 246 (citing United States v. Jones, 195 F.3d 205, 206-

3

08 (4th Cir. 1999)). The magistrate judge found that applying a finding of aggravating factors and the worst criminal history category resulted in maximum sentences of 15 and 30 months for the Class I and Class H felonies defendant committed. Defendant does not contest this finding, but rather contends that he could not have been sentenced to more than 12 months for any of the various crimes he committed using his actual criminal histories at the time of those convictions, instead of the worst possible criminal history. The defendant's urged approach must fail under Harp, which the court reiterates is controlling precedent. Consequently, defendant's motion to dismiss the indictment must be denied.

## CONCLUSION

For the foregoing reasons, after *de novo* review, the court OVERRULES defendant's objections to the M&R, and ADOPTS the findings of the magistrate judge therein. Accordingly, defendant's motion to dismiss the indictment is DENIED.

SO ORDERED, this the 3rd day of August 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

4